# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LASHONDA WILLIAMS, AS PERSONAL**
**REPRESENTATIVE OF THE ESTATE OF**
**DAMON CARWISE, JR.,**

      **Plaintiff,**

**-vs-**              **Case No. 6:11-cv-1163-Orl-28DAB**

**SPANISH TRACE OF ORLANDO, LTD.,**

      **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES, COSTS AND EXPENSES (Doc. No. 26)** |
| **FILED:** | **October 24, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **PLAINTIFF'S MOTION TO REVIEW BILL OF COSTS (Doc. No. 28)** |
| **FILED:** | **November 10, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

   Plaintiff, the personal representative of the estate of Decedent Damon Carwise, Jr., sued Defendant Spanish Trace of Orlando, Ltd. for claims arising out of Decedent's death from

Defendant's alleged failure to remediate the mold in Decedent's apartment owned by Defendant. Plaintiff subsequently filed a Notice of Voluntary Dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Doc. 24. Defendant filed its Motion for Attorney's Fees and Proposed Bill of Costs[1] on October 24, 2011. Docs. 26, 27. Plaintiff has filed her opposition to the Motion and Bill. Doc. 28. Because the Court finds that the attorney's fee provision in the lease agreement does not apply to this case and Defendant was not a prevailing party for purposes of Rule 54(d), it is respectfully **RECOMMENDED** that no fees or costs be awarded.

*Procedural Posture*

On June 6, 2011, Plaintiff filed suit in state court against Defendant for negligence, breach of contract, and for violations of the Florida Residential Landlord-Tenant Act and the Florida Deceptive and Unfair Trade Practices Act. Doc. 2. On July 14, 2011, Defendant removed the case to this Court. Doc. 1. On July 21, 2011, Plaintiff filed a motion to remand to state court, which the District Judge denied on September 8, 2011. Doc. 16. On October 10, 2011, Plaintiff filed a Notice of Voluntary Dismissal without prejudice (Doc. 24) and the District Judge entered an Order dismissing the case without prejudice on October 18, 2011. Doc. 25.

Defendant now argues that by virtue of the Notice of Dismissal, it is a prevailing party in this action under Federal Rule of Civil Procedure 54(d) and the apartment lease (Doc. 6-1) and is entitled to its reasonable attorneys' fees, expenses and costs incurred in the defense against Plaintiff's claims.

*Analysis*

Plaintiff may voluntarily dismiss her case before the answer as of right pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir.1990) (collecting cases). Under Florida law, a defendant is considered a prevailing party when a plaintiff

---

[1] Defendant contends that it should be reimbursed for expert witnesses fees and Westlaw costs pursuant to the lease. The Court routinely declines to award such costs when sought pursuant to 28 U.S.C.§ 1920.

voluntarily dismisses his or her claims. *See Martinez v. TRG Oasis (Tower Two) Ltd., LP,* Case No. 2:08-cv-611-FTM -29SPC, 2009 WL 774094 (M.D. Fla. Mar. 19, 209) (citing *Ajax Paving Indus., Inc. v. Hardaway Co.*, 824 So.2d 1026, 1029 (Fla. 2d DCA 2002)). Attorney's fees under Florida law are properly awarded to a voluntarily dismissed and prevailing defendant when based on a contractual provision. *Martinez,* 2009 WL 774094 at *1 (citing *Landry v. Countrywide Home Loans, Inc.*, 731 So.2d 137, 139-40 (Fla. 1st DCA 1999)); *Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. 4th DCA 2006) ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in the litigation.")

Defendant argues that it is entitled to its fees and costs in defending the claims against it brought by Plaintiff under the terms of the lease for Decedent's apartment (the "Lease" - Doc. 6-1). Plaintiff contends that the attorney's fees provision has no applicability because it is only enforceable for fees related to evictions arising out of a default on the rent. Alternatively, Plaintiff contends that even if the fee provision were more broadly applicable, then the provision is illusory and unenforceable. Doc. 28 at 3 (citing *Coin-O-Matic, Inc. v. Cornerstone Residential Management, Inc.*, 879 So.2d 649 (Fla. 3rd DCA 2004) (holding attorney's fee provision for "use of an attorney regarding any matter arising from this lease" was illusory and unenforceable)).

A provision in the Lease entitled "default" expressly provides:

9. DEFAULT: If you fail to pay your rent as required, and such violation is not corrected by you within three (3) days of receipt of a notice from us concerning the same, or if you fail to comply with any other provisions of this Lease or State Law, or if you file for bankruptcy, then on proper notice this Lease will be terminated and we will effect your removal, all as provided by State law. In any case, *you will be responsible for paying all attorney's fees and court costs for our enforcement or defense of this lease*, or arising out of our landlord/tenant relationship. We will report any unpaid rentals or unpaid damages to the local credit bureau for [sic].

Doc. 6-1 (emphasis added). Defendant emphasizes that the fees provision in the DEFAULT section of the Lease states that "[i]n any case" the Decedent is "responsible for paying all attorney's fees and court costs for our enforcement or defense of this lease, or arising out of our landlord/tenant relationship." Defendant argues that the provision broadly extends to *any* claims or causes of action "arising out of our landlord/tenant relationship" and not just disputes arising out of the terms, conditions and obligations of the Lease itself; thus, Defendant contends that the attorney's fee provision would apply to Plaintiff's four claims "arising out of [the] landlord/tenant relationship" between Defendant and Decedent, even those claims under Florida statute such as FDUTPA.

Under Florida law, the Court must "strictly construe any provision in a contract providing attorney's fees so as to deny such fees in close cases because an award of such fees is in derogation of the common law." *Dan Galasso Waste Serv., Inc. v. Hemery*, 528 So.2d 1356, 1358 (Fla. 3d DCA 1988). Any ambiguities or uncertainties in contractual provisions are to be construed against the drafter. *Seifert v. U.S. Home Corp.*, 750 So.2d 633, 641 (Fla. 1999) (discussing the "well-established rule of construction").

The section on which Defendant relies is limited explicitly to a "DEFAULT" and "failure to pay rent as required." Doc. 6-1. There is reference to fees "arising out of our landlord/tenant relationship" but the provision is within the paragraph which covers a "DEFAULT" and is not generally stated as applying to each and every possible breach of contract claim. Nor is the provision for attorney's fees in a stand-alone paragraph applicable to the entire Lease. As Plaintiff points out, if the fee provision in the DEFAULT paragraph applied broadly to the entire Lease, there would be no need for an additional attorney's fee provision in paragraph 23 of the Lease under "POLICIES" which allows recovery of fees to the prevailing party in disputes over the security deposit. Doc. 6-1. In this case, even assuming *arguendo* that the fee provision in the DEFAULT paragraph were

ambiguous, the Court would construe it against Defendant, the drafter of the Lease, to find that it does not apply to Plaintiff's claims in the Complaint for the alleged "disrepair" by Defendant that caused Decedent-lessor "to become ill and die." Accordingly, it is respectfully **RECOMMENDED** that to the extent Defendant's Motion seeks an award of fees pursuant to the Lease, it be **DENIED.**

Defendant also seeks costs as a prevailing party pursuant to Federal Rule of Civil Procedure 54(d). Defendant relies on a single opinion from the Northern District of Florida in *Hendrix v. Evenflo*, 2007 WL 3520815 (N.D. Fla. Nov. 14, 2007), which in turn relied on an out of circuit opinion, *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995), for the proposition that the Court has discretion to award costs based on the voluntary dismissal of a case not involving a settlement.

Defendant fails to cite or distinguish case law from the same presiding District Judge in this case which found, based on Supreme Court and Eleventh Circuit precedent, that "generally, voluntary dismissals under Rule 41(a)(1) do not create a prevailing party" for the purpose of awarding costs. *Harris v. Captiva Condominiums, LLC*, Case No. 6:08-cv-210-Orl-28KRS, 2008 WL 4911237 at *2 (M.D. Fla. Nov. 14, 2008) (Antoon, J., adopting report and recommendation) (citing *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604-05 (2001) and *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)). "Under the rule in *Buckhannon* and its progeny, a voluntary dismissal pursuant to Rule 41(a)(1) does not create a prevailing party because it did not require judicial approval, and thus the judicial imprimatur requirement is not met." *Harris* at *2.

In this case, there has been no indication of any resolution of the merits and there has been no judicial imprimatur of the change in relationship between the parties. Although Plaintiff voluntarily dismissed this action without prejudice pursuant to Rule 41, there was no ruling by the Court on any

issues on the merits and Plaintiff had not conceded any issues raised in this action. Plaintiff contends that, for her own strategic reasons, she has chosen to discontinue the litigation at this current time, with the understanding that the statute of limitations does not run for several more years and Plaintiff has expressly advised Defendant that she intends to refile the suit. Accordingly, it is respectfully **RECOMMENDED** that the Motion to award costs under Rule 54(d) be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 4, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy